IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| THOMAS GEORGE WICKER, JR.,<br><br>    Plaintiff/Counter-Defendant,<br><br>v.<br><br>SETERUS, INC.,<br><br>    Defendant/Counter-Plaintiff.<br>_____<br>SETERUS, INC.,<br><br>    Third-Party Plaintiff,<br><br>v.<br><br>ROCIO P. WICKER, MIDFIRST BANK, A FEDERALLY CHARTERED SAVINGS ASSOCIATION, AND THE UNITED STATES OF AMERICA INTERNAL REVENUE SERVICE,<br><br>    Third-Party Defendants. | Civil Action No.  3:17-cv-99 |

## DEFENDANT'S ORIGINAL COUNTERCLAIM AND THIRD-PARTY COMPLAINT

Defendant/Counter-Plaintiff and Third-Party Plaintiff Seterus, Inc. ("Seterus" or "Defendant") files this *Original Counterclaim and Third-Party Complaint* against Plaintiff/Counter-Defendant Thomas George Wicker, Jr. ("Plaintiff"), and Third-Party Defendants Rocio P. Wicker, Midfirst Bank, a Federally Chartered Savings Association ("Midfirst Bank"), and the United States of America Internal Revenue Service (the "IRS") and respectfully shows as follows:

# I. COUNTERCLAIM

## A. Background

1. Plaintiff filed this action on January 15, 2015, in 98th Judicial District Court of El Paso County, Texas. The allegations in Plaintiff's Original Petition relate to a home equity foreclosure initiated by Defendants. The action was properly removed to this Court on February 23, 2017. [ECF Doc. No. 1.]

## B. Parties and Jurisdiction

2. Seterus is a defendant, counter-plaintiff, and third-party plaintiff in this case.

3. Plaintiff/Counter-Defendant Thomas George Wicker, Jr. has previously appeared in this cause. He is appearing *pro se* and may be served by regular US Mail at 220 Thunderbird Drive, Suite 3, El Paso, Texas 79912.

4. Third-Party Defendant Rocio P. Wicker is an individual and a citizen of Texas. She may be served at her home address of 5824 Acacia Cir, Apt 412, El Paso, Texas 79912. Summons is requested.

5. Midfirst Bank, a Federally Chartered Savings Association, is a Foreign Financial Institution that has no registered agent or branch offices in Texas. Accordingly, it may be served through its President, G. Jeffrey Records Jr. at 501 NW Grand Boulevard Oklahoma City, OK 73118. *See* TEX. FIN. CODE § 17.028(b)(2). Summons is requested.

6. Third-Party Defendant the Internal Revenue Service may be served by sending a copy of the summons and the Petition by certified mail to Richard L. Durbin, Jr., United States Attorney for the Western District of Texas, or assistant United States Attorney for the Western District of Texas, at 700 E. San Antonio, Suite 200, El Paso, Texas 79901, sending a copy of both the summons and the Petition by certified mail to the United States Attorney General Jeff

Sessions, at 950 Pennsylvania Avenue, NW Washington, DC 20530, and by sending a copy of the summons and the Petition by certified mail to Internal Revenue Service, at 700 E. San Antonio, El Paso, TX 79901.  The summons and Petition will also be mailed to the Internal Revenue Office.  Summons is requested.

7. There is diversity jurisdiction in this Court because there is complete diversity of citizenship between Counter-Plaintiff and Counter-Defendant.  In addition, more than $75,000.00 is in controversy in this cause, exclusive of interest and costs, as further detailed in the Notice of Removal.  28 U.S.C. § 1332.

**C. Summary of Facts**

8. On or about April 29, 2004, Thomas George Wicker, Jr. and Rocio P. Wicker (the "Wickers") executed a Note ("Note") for $221,000.00 payable to Quicken Loans, Inc. as lender on a loan secured by the real property commonly known as 6533 Calle Bonita Lane., El Paso, Texas 79912 (the "Property") and more particularly described as follows:

> LOT 20, BLOCK 2, PARK HILLS UNIT ONE, AN ADDITION TO THE CITY OF EL PASO, EL PASO COUNTY, TEXAS, ACCORDING TO MAP OR PLAT THEREOF RECORDED IN VOLUME 72 PAGES 4 AND 4A, OF THE PLAT RECORDS OF EL PASO COUNTY, TEXAS.  (the "Property")

7. Concurrently with execution of the Note, the Wickers executed a Deed of Trust ("Security Instrument" and together with the Note, the "Loan Agreement") with said Security Instrument being recorded in the official public records of El Paso County, Texas as Document No. 20040044193.  Fannie Mae is the current legal owner the Note and mortgagee of the Security Instrument.  Seterus is the current servicer of the Loan Agreement and holder of the Note on behalf of Fannie Mae.

8. Under the terms of the Note and Security Instrument, the Wickers were required to pay when due the principal and interest on the debt evidenced by the Note, as well as any applicable charges and fees due under the Note.

9. The Loan Agreement further provides that should the Wickers fail to make payments on the Note as they became due and payable, or fail to comply with any or all of the covenants and conditions of the Deed of Trust, then the lender may enforce the Security Instrument, selling the Property pursuant to applicable law and in accordance with the provisions set out in the Loan Agreement.

10. The Wickers failed to make their payments under the terms of the Loan Agreement. Notice of default and intent to accelerate was provided to the Wickers. The Wickers did not cure the default and, as a result, the debt has been accelerated and all amounts owed on the loan are currently due and payable at this time.

11. The Wickers filed this suit on March to prevent Fannie Mae from foreclosing on the Property. Defendant now files this counterclaim seeking an order for foreclosure pursuant to the loan documents.

12. Intervenor-Defendant Midfirst Bank and the IRS are necessary parties to this action through their respective lien interests in the Property. Seterus seeks judgment against them *in rem* only.

**D. Cause of Action—Foreclosure**

13. The foregoing paragraphs are incorporated by reference for all purposes.

14. Defendant assert a cause of action for foreclosure against Wicker. Seterus as mortgage servicer and holder of the Note on behalf of Fannie Mae, has the right to enforce the Note and Security Instrument. Defendants have fully performed its obligations under the Loan Agreement; however, Wicker has not complied with the Loan Agreement by failing to

substantially perform material obligations required under its terms (principally, the payment of amounts due under the contract, among others).

15. Defendants seek a judgment allowing it to foreclose on the Property in accordance with the Security Instrument and Texas Property Code section 51.002, or alternatively, a judgment foreclosing on the lien and an order for sale.

16. Fannie Mae has been forced to hire the undersigned attorneys to seek an order allowing foreclosure as a result of Wicker's failure to comply with the Loan Agreement. Fannie Mae is therefore entitled to and seeks judgment against Wicker for its reasonable attorneys' fees in this action, both through trial and in the event of a subsequent appeal, as provided by the Security Instrument signed by Wicker. Fannie Mae seeks an award of attorneys' fees as a further obligation on the Note and not as a money judgment against the Wickers personally.

17. Seteris also seeks a judgment for foreclosure *in rem* against Intervenor-Defendants Midfirst Bank and the IRS because of their respective lien interests in the Property. Fannie Mae holds a superior lien interest to Midfirst Bank and the IRS because Fannie Mae's Security Instrument was recorded in the real property records of El Paso County prior to the recording of Midfirst Bank's and the IRS's lien interests were recorded.

18. All conditions precedent to Defendant's right to enforce the Note and Security Instrument and to obtain the relief requested herein have been performed or have occurred.

**WHEREFORE,** Defendants requests that they and recover a judgment against Defendants and Intervenor-Defendants allowing them to proceed with foreclosure in accordance with the Deed of Trust and Texas Property Code section 51.002, or alternatively, a judgment foreclosing the lien and an order for sale, plus its interest and attorneys' fees, and all costs of suit

as a further obligation on the debt. Defendants further request such other and further relief to which they may be entitled.

                                  Respectfully submitted,

By: */s/ Philip W. Danaher*
     **MARK D. CRONENWETT**
     Texas Bar No. 00787303

     mcronenwett@mwzmlaw.com

     **PHILIP W. DANAHER**
     Texas Bar No. 24078395
     pdanaher@mwzmlaw.com

     **MACKIE WOLF ZIENTZ & MANN, P. C.**
     14160 North Dallas Parkway, Suite 900
     Dallas, TX 75254
     Telephone: (214) 635-2650
     Facsimile: (214) 635-2686

     **ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 4th day of April, 2017, a true and correct copy of the foregoing document was delivered to the parties listed below in the manner described:

Thomas G. Wicker, Jr.
220 Thunderbird Drive, Suite 3
El Paso, Texas 79912
915-587-7878
915-587-8808 (Fax)

                                  */s/ Philip W. Danaher*
                                  **PHILIP W. DANAHER**