**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **THOMAS GEORGE WICKER, JR.,** | § | |
| | § | |
| **Plaintiff/Counter-Defendant,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:17-cv-99** |
| | § | |
| **SETERUS, INC.,** | § | |
| | § | |
| **Defendant/Counter-Plaintiff.** | § | |
| | § | |
| **SETERUS, INC.,** | § | |
| | § | |
| **Third-Party Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **ROCIO P. WICKER, MIDFIRST BANK, N.A. FEDERALLY CHARTERED SAVINGS ASSOCIATION, AND THE UNITED STATES OF AMERICA INTERNAL REVENUE SERVICE,** | § | |
| | § | |
| **Third-Party Defendants.** | § | |

## DEFENDANT'S MOTION FOR FINAL SUMMARY JUDGMENT AND INCORPORATED BRIEF

Defendant/Counter-Plaintiff and Third-Party Plaintiff Seterus, Inc. ("Seterus" or "Defendant") files this *Motion for Final Summary Judgment and Incorporated Brief* against Plaintiff/Counter-Defendant Thomas George Wicker, Jr. ("Plaintiff"), and Third-Party Defendants Rocio P. Wicker, Midfirst Bank, a Federally Chartered Savings Association ("Midfirst Bank"), and the United States of America Internal Revenue Service (the "IRS") and respectfully shows as follows:

## I. SUMMARY

Plaintiff Thomas George Wicker, Jr. ("Plaintiff") and Rocio P. Wicker are borrowers on a

promissory note secured by real property (the "Loan Agreement"). The Loan Agreement is owned by Federal National Mortgage Association ("Fannie Mae") and is serviced by Seterus. Plaintiff alleges the actions of Defendant and Defendant's predecessor-in-interest caused him to default on the loan agreement because loan payments were not property applied to his account, his escrow account was miscalculated and prior agreements to resolve these issues were not honored by Seterus. Plaintiff brings a claim for breach of contract and a temporary restraining order. Defendant is entitled to summary judgment in their favor because all of Plaintiff's claims are subject to *res judicata*. Furthermore, Defendant is entitled to an order for foreclosure because Plaintiff and Rocio P. Wicker defaulted on the loan.

## II.
## EVIDENCE

Where appropriate, Defendant relies upon the following evidence, true and correct copies of which are attached hereto and incorporated herein by reference for all purposes:

Exhibit A. Declaration of Olivia Davis;

- A-1. Note, dated April 29, 2004;
- A-2. Deed of Trust, dated April 29, 2004;
- A-3. Assignment of Deed of Trust, dated May 16, 2012;
- A-4. Assignment of Deed of Trust, dated April 17, 2015;
- A-5. Notice of Default dated October 16, 2013 sent to Thomas George Wicker, Jr. and Rocio P. Wicker by certified and regular mail;
- A-6. Notice of Acceleration of Loan Maturity dated August 12, 2016 and sent to Thomas George Wicker, Jr. and Rocio P. Wicker by certified and regular mail;
- A-7. Payment History;
- A-8. Payoff;

Exhibit B. Declaration of Philip W. Danaher;

B-1. Transmittal letter sending Request to Admissions to Plaintiff;

B-2. Request for Admissions;

Exhibit C. Security Instrument—MidFirst Bank[1];

Exhibit D. Notice of Federal Tax Lien—United States of America Internal Revenue Service;

Exhibit E. December 30, 2014 Complaint; and

Exhibit F. Order, February 13, 2015.

Seterus also relies on the pleadings on file in this cause where specifically referenced herein, as well as pleadings and orders entered in previous actions related to these claims, particularly *Wicker v. Bank of Am., N.A. (Wicker I)*, No. EP-14-CV-91-PRM, 2014 U.S. Dist. LEXIS 184476 (W.D. Tex. Aug 27, 2014); *Wicker v. Bank of Am., N.A. (Wicker II)*, No. EP-15-CV-000015-FM, 2015 U.S. Dist. LEXIS 17654 (W.D. Tex. Feb 13, 2015) and *Wicker v. Seterus, Inc. (Wicker III)*, No. EP-15-CV-331-KC U.S. Dist. LEXIS 59696 (W.D. Tex. May 5, 2015).

## III.
## UNDISPUTED FACTS

On or about April 29, 2004, Thomas George Wicker, Jr. ("Mr. Wicker") and Rocio P. Wicker ("Ms. Wicker", collectively, the "Wickers") executed a promissory note (the "Note") for $221,000.00 payable to Quicken Loans Inc. ("Quicken"). (Exh. A-1.) Concurrently with the Wickers' execution of the Note, they executed a deed of trust (the "Deed of Trust") securing the repayment of the Note with the real property commonly known as 6533 Calle Bonita Lane, El Paso Texas 79912 (the "Property"). (Exh. A-2.) (The Note and Deed of Trust shall collectively be referred to as the "Loan Agreement".) In the Deed of Trust, Mortgage Electronic Registration Systems, Inc. ("MERS") was identified as the Beneficiary. (*Id.*) The Deed of Trust was

[1] Exhibits C through F are matters of public reord and Defendant requests the Court take judicial notice them pursuant to Federal Rule of Evidence 201.

recorded in the real property records for El Paso County, Texas as Document No. 20040044193. (*Id.*)

MERS assigned the Deed of Trust to Bank of America, N.A. ("BANA") as reflected in that certain Assignment of Deed of Trust dated May 16, 2012 and recorded in the real property records of El Paso County, Texas as Document No. 20120038964. (Exh. A-3.) Subsequently, BANA assigned the Deed of Trust to Fannie Mae, as reflected in that certain Assignment dated April 17, 2015 and recorded in the real property of El Paso County, Texas as Document No. 20150028973. Fannie Mae is the current owner of the Note and beneficiary of the Deed of Trust. (Exh. A.) Seterus is currently the servicer for Fannie Mae with respect to the Loan. (*Id.*)

The Wickers have not tendered all payments on the Note when due. (Exh. A-7.) Seterus (through its predecessor-in-interest, BANA), on or about October 16, 2013, sent to the Wickers, via United States certified and regular mail to the Property address 6533 Calle Bonita Lane, El Paso Texas 79912, Notice of Default with Intent to Accelerate ("Notice of Default"). (Exh. A-5.) In the Notice of Default, the Wickers were advised that the loan was in default and that they needed to tender $3,568.28 by November 25, 2013 to become current on the loan. (*Id.*) The Wickers were also informed in the Notice of Default that their failure to timely bring the loan current would result in an acceleration of the debt. (*Id.*) No payments were made to Seterus to cure the default or reinstate the loan and the loan remains in default. (*Id.*; Exh. A-7.)

On August 12, 2016, Fannie Mae, through its attorneys, Mackie Wolf Zientz & Mann, P.C., sent via United States certified and regular mail to the Wickers at the Property address 6533 Bonita Lane, El Paso Texas 79912 a notice indicating that Loan had been accelerated. (Exh. A-6.) Since the date of default, interest and other charges have continued to accrue. (*Id.*; Exh. A-7.)

Plaintiff filed his Original Petition on March 29, 2017. (*See Pl's Orig. Pet.*) It was removed to this Court on April 4, 2017. [ECF No. 1.] He brings claims for: (1) breach of contract and (2) a temporary restraining order (*Id.* at ¶¶[XI-XIII) His claims are based on his contention that Defendant did not provide the required thirty (30) days notice before posting its foreclosure. (*Id.* at ¶[XI.) Plaintiff's allegations are without merit and barred by the doctrine of *res judicata* as these claims were dismissed with prejudice already. Defendant is entitled to final summary judgment in their favor. Moreover, Defendant is entitled to summary judgment on their Counterclaim for judicial foreclosure because Plaintiff and Rocio P. Wicker have defaulted on the Loan Agreement.

## IV.
## GROUNDS FOR SUMMARY JUDGMENT

A. Defendant is entitled to summary judgment because Plaintiff breach of contract claim is barred by the doctrine of res judicata.

B. Plaintiff's breach of contract claim is barred by the doctrine of collateral estoppel.

C. Plaintiff is not entitled to a temporary restraining order because his asserted cause of action fails.

D. Defendant is entitled to summary judgment on their counterclaim and an order for foreclosure.

## IV.
## SUMMARY JUDGMENT STANDARDS

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "[i]f the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The Supreme Court has further held that the moving party may discharge its summary judgment burden of proof by showing that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett,*

477 U.S. 317 (1986). If the non-moving party bears the burden of proof at trial, the moving party need only point to the absence of any fact issue in the record, and the evidentiary burden then shifts to the non-moving party to show with "significant probative" evidence that there exists a triable issue of fact. *Celotex,* 477 U.S. at 322; *see also Stahl v. Novartis Pharms. Corp.,* 283 F.3d 254, 263 (5th Cir. 2002) ("The moving party may meet its burden to demonstrate the absence of a genuine issue of material fact by pointing out that that record contains no support for the non-moving party's claim."). If the moving party meets its burden, the burden shifts to the non-moving party to establish the existence of a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574, 585-87 (1986).

The non-moving party must do more than show that there is some metaphysical doubt as to the material facts. *Matsushita,* 475 U.S. at 586; *see also Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (non-movant cannot defeat a motion for summary judgment with "conclusory allegations," "unsubstantiated assertions," or a mere "scintilla" of evidence). On summary judgment, the district court must view the evidence and the inferences in the light most favorable to the non-movant. *FDIC v. Dawson*, 4 F.3d 1303, 1306 (5th Cir. 1993).

## V.
## ARGUMENT AND AUTHORITIES

### A. Defendant is entitled to summary judgment because Plaintiff breach of contract claim is barred by the doctrine of res judicata.

The doctrine of *res judicata* operates as a means of claim preclusion in federal court and "forecloses relitigation of claims that were or could have been raised in a prior action." *Davis v. Dall. Area Rapid Transit*, 383 F.3d 309, 312–13 (5th Cir. 2004) (citing *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). Under *res judicata* principles, once a judgment is rendered by a court of competent jurisdiction, that judgment is thereafter considered the full measure of relief to be

accorded between the same parties on the same "claim" or "cause of action." *Kaspar Wire Works, Inc. v. Leco Eng'g & Mach., Inc.*, 575 F.2d 530, 535 (5th Cir. 1978) (citing *Angel v. Bullington*, 330 U.S. 183. 186 (1947)) (holding that a judgment rendered for defendant "extinguishes" plaintiff's claims and acts as a "bar" to further relief on them).

The underlying purpose of *res judicata* is to avoid multiple suits on "identical entitlements or obligations between the same parties," accompanied by a redetermination of identical issues. *Id.* As applied in federal courts, the concept of *res judicata* "bars all claims that were or *could have been* advanced in support of the cause of action on the occasion of its former adjudication . . . not merely those that were adjudicated." *Howe v. Vaughan (In re Howe)*, 913 F.2d 1138, 1144 (5th Cir. 1989) (quoting *Nilsen v. City of Moss Point, Miss.,* 701 F.2d 556, 560 (5th Cir. 1983) (en banc) (emphasis in original)). Therefore, a final judgment in favor of a defendant operates as a complete bar to a plaintiff seeking to bring a second suit based upon the same event or series of events, because "res judicata prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether he were asserted or determined in the prior proceeding." *Southmark Props. v. Charles House Corp.*, 742 F.2d 862, 872 (5th Cir. 1984) (quoting *Brown v. Felsen*, 442 U.S. 127, 131 (1979)).

The test for *res judicata* has four elements: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions. *Test Masters Educ. Servs., Inc. v. Singh,* 428 F.3d 559, 571 (5th Cir. 2005) (citation omitted).

This action is Plaintiff's fourth attempt to assert his claims related to this Loan Agreement. Plaintiff initially brought suit against Seterus' predecessor-in-interest, BANA in

*Wicker v. Bank of Am., N.A. (Wicker I)*, No. EP-14-CV-91-PRM, 2014 U.S. Dist. LEXIS 184476 (W.D. Tex., Aug 27, 2014). Plaintiff again asserted his claims in *Wicker II*, *Wicker v. Bank of Am, N.A.*, No. EP-15-CV-000015-FM, 2015 U.S. Dist. LEXIS 17654 (W.D. Tex. Feb 13, 2015). When that action was dismissed, he brought a third action, *Wicker v. Seterus, Inc. (Wicker III)*, No. EP-15-CV-331-KC U.S. Dist. LEXIS 59696 (W.D. Tex., May 5, 2015). *Wicker III* was dismissed with prejudice by Order of the court on May 5, 2016. In response to Defendant's attempt to assert its security interest in the Property anew, Plaintiff filed this action, *Wicker IV*, on March 29, 2017 (originally in state court and removed by Defendant to this Court) asserting claims arising out of the same Loan Agreement. These claims are *res judicata* and Defendant should be awarded summary judgment dismissing Plaintiff's action.

1. The Parties are identical or in privity.

Plaintiffs sued BANA in *Wicker I* and *Wicker II. Wicker v. Bank of Am., N.A. (Wicker I)*, No. EP-14-CV-91-PRM, 2014 U.S. Dist. LEXIS 184476 (W.D. Tex., Aug 27, 2014); *Wicker v. Bank of Am, N.A. (Wicker II)*, No. EP-15-CV-000015-FM, 2015 U.S. Dist. LEXIS 17654 (W.D. Tex. Feb 13, 2015). Plaintiff has now sued Seterus, who he admits succeeded BANA in the servicing of his loan. *See Pl's Orig. Pet.* Accordingly, the parties are in privity and the first requirement of *res judicata* has been met. *Rocky Mt. Choppers, LLC v. Textron Fin. Corp.*, Case No. 4:12-CV-353-A, 2012 U.S. Dist. LEXIS 170937 at *4-5 (N.D. Tex. Dec. 3, 2012)

2. A judgment in the Prior Case was rendered by a court of competent jurisdiction.

In *Wicker III*, a final judgment was rendered against Plaintiff for all of his claims, ordering dismissal of his claims with prejudice, by United States District Judge, Kathleen Cardone, in the United States District Court for the Western District of Texas, El Paso Division. *See Wicker v. Seterus, Inc. (Wicker III)*, No. EP-15-CV-331-KC U.S. Dist. LEXIS 59696 (W.D.

Tex. May 5, 2015). *Wicker III* acknowledges and references the final order in *Wicker II* entered by United States District Judge, Frank Montalvo, in the United States District Court for the Western District of Texas, El Paso Division. *See Wicker v. Bank of Am., N.A. (Wicker II)*, No. EP-15-CV-000015-FM. (W.D. Tex., Feb 13, 2015). Therefore, there is no doubt that the judgment was rendered by a court of competent jurisdiction. Two United States District Judges have entered orders dismissing Plaintiff's actions after careful and thorough consideration of the issues.

3. *Wicker II* and *Wicker III* were concluded by a final judgment on the merits.

A prior judgment is considered final "on the merits" only if rendered after the parties have been given a reasonable opportunity to litigate a claim before a court of competent jurisdiction, and the final judgment completely disposes of the underlying cause of action or determines that the plaintiff has no cause of action. *Kaspar Wire Works, Inc.,* 575 F.2d at 537–38. A dismissal which is designated "with prejudice" is normally an adjudication on the merits for purposes of *res judicata. Fernandez–Montes v. Allied Pilots Ass'n,* 987 F.2d 278, 284 n. 8 (5th Cir.1993). The final judgments in *Wicker II* and *Wicker III* were entered "with prejudice." thereby completely disposing of all of Plaintiff's claims. *Wicker v. Bank of Am., N.A. (Wicker II)*, No. EP-15-CV-000015-FM. (W.D. Tex., Feb 13, 2015); *Wicker v. Seterus, Inc. (Wicker III)*, No. EP-15-CV-331-KC U.S. Dist. LEXIS 59696 (W.D. Tex. May 5, 2015) *See* The *Wicker II* judgment was final and on the merits and determined to be so in the *Wicker III* judgment, which also stated that the dismissal was with prejudice. Thus, the third requirement for *res judicata* is satisfied.

4. The current action is based on the same claims that were raised or could have been raised in the Prior Suit.

Finally, the fourth requirement in the *res judicata* analysis requires the Court to determine if the same cause of action was presented in both cases. To determine whether the same claim or cause of action is involved, the Fifth Circuit utilizes the Restatement (Second) of Judgment's transactional test. *Petro-Hunt, L.L.C. v. U.S.*, 365 F.3d 385, 395 (5th Cir. 2004). "Under that test, the preclusive effect of a prior judgment extends to all rights the original plaintiff had "with respect to all or any part of the transaction, or series of connected transactions, out of which the [original] action arose." *Id.* at 395-96 (citation omitted). The critical issue is not the relief requested or the theory asserted by the plaintiff, but whether the plaintiff bases the two actions on the "same nucleus of operative facts." *In re Ark–La–Tex Timber Co., Inc.,* 482 F.3d 319, 330 (5th Cir. 2007). Making a determination of whether the same nucleus of operative facts is present requires that the Court analyze "the factual predicate of the claims asserted, not the legal theories upon which the plaintiff relies." *Id.* A judgment on the merits operates as a bar to the later suit, even though a different legal theory of recovery is advanced in the second suit. *Hall v. U.S.*, CIV.A. 6:06-CV-528, 2008 WL 276397 (E.D. Tex. Jan. 30, 2008). *Res judicata* operates as a complete bar to a plaintiff seeking to bring a second suit based upon the same event or series of events, even if the plaintiff asserts additional facts or proceeds under a different legal theory, and "bars all claims that were or *could have been* advanced in support of the cause of action on the occasion of its former adjudication . . . not merely those that were adjudicated." *Id.*

Here, the facts giving rise to the causes of action asserted in his Petition arise out of the same nucleus of operative facts of the Prior Suit. *Compare Exhibit A, Pl's December 30, 2014 Pet. with Pl's Orig. Pet.*

a. *Plaintiff's Breach of Contract claim arises under the same nucleus of operative fact as the Prior Suit.*

Just as in *Wicker II* and *Wicker III*, Plaintiff's alleges that Defendant improperly calculated the amount due under the Note and posting the home for foreclosure based upon an amount not due. *See Exhibit A, Pl's December 30, 2014 Pet.*at p. 3, *Pl's Orig. Pet.* at p. VI-IX. This claim is based upon the same alleged accounting issues asserted in the prior suit or could have been alleged in the prior suit, which were dismissed with prejudice. For good measure, Plaintiff has included a new allegation that he did not receive notice thirty (30) days prior to the foreclosure sale. Despite that addition, these claims all arise under the same nucleus of operative facts, are barred by the doctrine of *res judiciata*, and must be dismissed. *Rocky Mt. Choppers, LLC v. Textron Fin. Corp.*, 2012 U.S. Dist. LEXIS 170937, 13 (N.D. Tex. Dec. 3, 2012) (finding that *res judicata* barred the plaintiff's claims based upon a "common nucleus of operative fact).

**B. Plaintiff's Breach of Contract claim is barred by the doctrine of collateral estoppel.**

Collateral estoppel will act to bar a party from relitigating an issue that it previously litigated and lost. *Centre Equities, Inc. v. Wallace G. Tingley, Jr.*, 106 S.W.3d 143, 152 (Tex. App.—Austin 2003). To have preclusive effect, the following elements must exist: (1) the issue at stake must be identical to the one involved in the prior litigation; (2) the determination of the issue in the prior litigation must have been a critical, necessary part of the judgment in that earlier action; and (3) the special circumstances must not exist which would render preclusion inappropriate or unfair." *Texas Pig Stands, Inc. v. Hard Rock Cafe Int'l, Inc.,* 951 F.2d 684, 691 (5th Cir. Tex. 1992).

Here, Plaintiff's Breach of Contract claim is barred by the doctrine of collateral estoppel. As set forth above, the factual basis for Plaintiff's claims in both the current Action and the Prior Action involve a dispute over the amounts owed on his loan and Defendant's attempt to foreclose pursuant to the loan agreement. *See Exhibit A, Pl's December 30, 2014 Pet. with Pl's*

*Orig. Pet.* In the Prior Action, the Court found that Plaintiff's Breach of Contract claims based upon these allegations failed as a matter of law because Plaintiff was in default on his loan agreement and a party in default under a contract cannot maintain an action for breach of contract. *See Exhibit B, Order Dismissing Plaintiff's Claims.* In this case, Plaintiff again admits that he is in default, and brings a breach of contract claim based alleged notice failure. *See Pl's Orig. Pet.* at XI. Therefore, the issues at stake were identical to the ones involved in Prior Suit and were necessary to dispose of Plaintiff's claims. Finally, no special circumstances exist rendering preclusion of Plaintiff's claims inappropriate or unfair because Plaintiff's claims were dismissed on the merits in a Court of Competent Jurisdiction and his present action is a blatant attempt to relitigate these same claims. Accordingly, Plaintiff's claims are barred by the doctrine of collateral estoppel and must be dismissed.

**C. Plaintiff's breach of contract claim fails as a matter of law.**

Plaintiff's breach of contract claim also fails as a matter of law. To bring a breach of contract claim a plaintiff must show "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach. *Smith v. Nat'l City Mortg.*, No. A-09-CV-881 LY, 2010 U.S. Dist. LEXIS 86221, *32 (W.D. Tex. Aug. 23, 2010)(citing *Smith Int'l, Inc. v. Egle Group, LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (quoting *Valero Mktg. & Supply Co. v. Kalama Int'l, L.L.C.*, 51 S.W.3d 345, 351 (Tex. App.— Houston [1st Dist.] 2001, no pet.))). Furthermore, a party to a contract who is himself in default cannot maintain a suit for breach of contract. *Gulf Dobbins v. Redden*, 785 S.W.2d 377, 378 (Tex. 1990)(citing *Pipe Line Co. v. Nearen*, 135 Tex. 50, 56, 138 S.W.2d 1065, 1068 (Tex. Comm'n App. 1940, opinion adopted); *Kelly v. Webb*, 27 Tex. 368 (1864)). Finally, a plaintiff must also identify the specific provision

or provisions of a contract that have been breached, and failing to do so is grounds for dismissal for failure to state a claim. *Smith*, 2010 U.S. Dist. LEXIS 86221, *33 (citing *Mae v. U.S. Property Solutions*, 2009 U.S. Dist. LEXIS 36126, 2009 WL 1172711 (S.D. Tex. April 28, 2009) for the proposition that a breach of contract claim can be dismissed when a plaintiff fails "to assert which provision of the loan was allegedly breached.")).

1. Plaintiff failed to perform and admits that he was in breach before the alleged breach by Defendant.

Plaintiff does not allege sufficient facts to state a claim against Defendant for breach of contract. First, Plaintiff does not allege that he performed or tendered performance and in fact, he admits in his Petition that they "missed several loan payments" in 2013 before any alleged wrongdoing of Defendant. (*See Pl's Orig. Pet.* at VI.) Furthermore, Plaintiff fails to allege that he cured the default by paying the amount owed to cure the default. *See* generally, *id*. Plaintiff does admit to offering an amount less than the amount demanded to cure his breach, but nothing more. Because Plaintiff admits to defaulting prior to the alleged breach by Defendant and failed to allege sufficient facts to indicate that he ever cured the default, he cannot maintain his claim for breach of contract and it must be dismissed. *Gulf Dobbins*, 785 S.W.2d at 378.

2. Plaintiff failed to respond to the Requests for Admission and they are deemed admitted.

Plaintiff was served with Requests for Admission in this action and he failed to respond. Consequently, they are deemed admitted for purposes of this action. Request for Admission No. 10 specifically requests that Plaintiff admit he is in default and Request for Admission No. 11 asks that he admit that Seterus is entitled to foreclose. (Exh. B, B-1, B-2.) Because Plaintiff has failed to respond and the Requests for Admission are deemed admitted, Plaintiff's has admitted that Seterus is entitled to foreclose. (Exh. B, B-1, B-2.)

**D. Plaintiff is not entitled to a temporary restraining order because his asserted cause of action fails.**

Plaintiff seeks injunctive relief in the form of a Restraining Order preventing Defendant from pursuing foreclosure proceedings on the Property. (*See Pls' Orig. Pet.* at Prayer.) Injunctive relief is an equitable remedy that should be dismissed when no substantive claims have been pleaded. *Kirksey v. America's Servicing Co.*, Case No. H-12-2859 2013 U.S. Dist. LEXIS 109049 at *12 (S.D. Tex. Aug. 2, 2013). "[T]o obtain a preliminary injunction, a plaintiff must demonstrate, among other things, a likelihood of success on the merits of his or her claim." *Howard v. JP Morgan Chase NA,* No. SA-12-CV-00440-DAE, 2013 U.S. Dist. LEXIS 54433 at * 29 (W.D. Tex. Apr. 17, 2013). Here, Plaintiffs have failed to plead a viable cause of action against Defendant, as set forth in detail above, therefore they are not entitled to the injunctive relief they seek and their request for the same should be denied. *See Id.*

**E. Defendant is entitled to summary judgment on their counterclaim and an order for foreclosure.**

The elements of a breach of contract claim are: (1) there is a valid and enforceable contract; (2) the plaintiff performed, tendered performance or was excused from performing; (3) the defendant breached the contract; and (4) the defendant's breach caused the plaintiff's injury. *Aguiar*, 167 S.W.3d at 450. The plaintiff must show the following in order to prove existence of a valid and enforceable contract between the parties: (1) offer; (2) acceptance; (3) mutual assent; (4) execution and delivery of the contract with the intent that it be mutual and binding; and (5) consideration supporting the contract. *Texas Gas & Utils. Co. v. Barrett*, 460 S.W.2d 409, 412 (Tex. 1970).

In this case, the Note is a written contract between the parties, signed by Plaintiff and Ms. Wicker. (Exh. A-1.) The written Note evidences the parties' mutual assent. (*See id.*) Further, the

signature by Plaintiff and Ms. Wicker shows the Note was in fact executed at closing. *See id.* Fannie Mae, through its predecessor, performed under the terms of the Note by lending the referenced $221,000.00. *See id.* Under the terms of the Note, Plaintiff promised to make monthly payments. *Id.*

Fannie Mae through its predecessor-in-interest, BANA, on or about October 16, 2013 sent to Plaintiff and Ms. Wicker, via United States certified and regular mail to the address 6533 Calle Bonita Lane El Paso, Texas 79912, Notice of Default with Intent to Accelerate ("Notice of Default"). (Exh. A-5.) In the Notice of Default, they were advised that the loan was in default and that they needed to tender $3,568.28 by November 25, 2013 to become current on the loan. *Id.* Plaintiff and Ms. Wicker were also informed in the Notice of Default that their failure to timely bring the loan current would result in an acceleration of the debt. *Id.* No payments were made to cure the default or reinstate the loan and the loan remains in default. (*Id.*; Exh. A-7.)

On August 12, 2016, Fannie Mae, through its attorneys, Mackie Wolf Zientz & Mann, P.C., sent via United States certified and regular mail to Plaintiff and Ms. Wicker at the address 6533 Calle Bonita Lane, El Paso, TX 79912, Notice of Acceleration of Loan Maturity indicating that Loan had been accelerated. (Exh. A-6.) Since that date, interest and other charges continued to accrue while the loan is in default. (*Id.*; Exh. A-7.)

Pursuant to the Deed of Trust, Defendant may foreclose on the Property in the event there is a default in the payment obligations on the Note. (Exh. A-2 at ¶22.) Thus, Defendant is entitled to a judgment allowing it to proceed with foreclosure in accordance with the Deed of Trust and Texas Property Code section 51.002. *See id.*; TEX. PROP. CODE § 51.002.

Defendant is also entitled to recover its reasonable attorney's fees incurred in prosecuting its claim for foreclosure. (Exh. A-1 at ¶6(E); TEX. BUS. & COMM. CODE § 38.001.)

Defendant is also entitled to summary judgment *in rem* against Midfirst Bank and the Internal Revenue Service because the respective liens held by them on the Property are junior, subordinate and inferior to Fannie Mae's interest. The recorded security instruments for both MidFirst Bank and the Internal Revenue Service were recorded in the real property records of El Paso County, Texas after Fannie Mae's security instrument was recorded. *See* Exhibits A-2, C, D.

**WHEREFORE,** Defendant requests that it and recover a judgment against Defendants and Intervenor-Defendants allowing it to proceed with foreclosure in accordance with the Deed of Trust and Texas Property Code section 51.002, plus its interest and attorneys' fees, and all costs of suit as a further obligation on the debt. Defendant further requests such other and further relief to which it may be entitled.

Respectfully submitted,

By: *__/s/ Philip W. Danaher__*
**MARK D. CRONENWETT**
Texas Bar No. 00787303

mcronenwett@mwzmlaw.com

**PHILIP W. DANAHER**
Texas Bar No. 24078395
pdanaher@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P. C.**
14160 North Dallas Parkway, Suite 900
Dallas, TX 75254
Telephone: (214) 635-2650
Facsimile: (214) 635-2686

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 31th day of January, 2018, a true and correct copy of the foregoing document was delivered to the parties listed below in the manner described:

Thomas G. Wicker, Jr.
220 Thunderbird Drive, Suite 3
El Paso, Texas 79912
915-587-7878
915-587-8808 (Fax)

*/s/ Philip W. Danaher*
**PHILIP W. DANAHER**