IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

THOMAS GEORGE WICKER, JR.,
    Plaintiff/Counter-Defendant,

v.

SETERUS, INC.,
    Defendant/Counter-Plaintiff.

SETERUS, INC.,
    Third-Party Plaintiff,

v.

ROCIO P. WICKER et al.,
    Third-Party Defendants.

EP-17-CV-99-DB

## MEMORANDUM OPINION AND ORDER

On this day, the Court considered Defendant/Counter-Plaintiff/Third-Party Plaintiff Seterus, Inc.'s[1] ("Defendant") "Motion to Reopen and Enjoin Further Litigation by Thomas George Wicker, Jr." ("Motion") filed in the above-captioned case on December 5, 2019. ECF No. 44. Therein, Defendant asks the Court to use its authority under the All Writs Act to reopen and enjoin Plaintiff/Counter-Defendant Thomas George Wicker, Jr. ("Plaintiff") from filing any additional lawsuits seeking to avoid foreclosure and sale of his subject real property. *Id.* at 1–2. On December 19, 2019, Plaintiff filed his Response arguing that no subject matter jurisdiction exists in this lawsuit because in February 2019 when Defendant merged with Nationstar, a Texas-based company, it was no longer diverse from Plaintiff, a Texas citizen. Resp. 2–3, ECF No. 46. On December 26, 2019, Defendant filed its Reply. ECF No. 47. On

---

1 Seterus, Inc. ("Seterus") merged with Nationstar Mortgage, LLC d/b/a Mr. Cooper ("Nationstar") on February 28, 2019 at 11:59 pm. The Certificate of Merger for Nationstar Mortgage, LLC and Seterus, Inc. is filed with the Delaware Secretary of State under SR 20191557790/File Number 3355698. Certificate of Merger Ex.7-G, at 259–260, ECF No. 45. The Court will continue to refer to "Defendant" generally.

December 30, 2019, Plaintiff filed his Reply. ECF No. 48. And on January 6, 2020, Defendant filed its Surreply. ECF No. 49. After due consideration, the Court is of the opinion that Defendant's Motion should be granted.

## BACKGROUND

This suit arises from a fifteen-year promissory note ("the note") for $221,000.00 secured by Plaintiff's home, which is located at 6533 Calle Bonita Lane in El Paso, Texas ("the property") on April 29, 2004. Pl.'s Original Pet. & Appl. for TRO Ex. B-1, at 2, ECF No. 1-1; Mot. Ex. A-1, at 3, ECF No. 28. The instant case is the fourth case that Plaintiff has filed relating to the attempted foreclosure of the property in connection with this same loan agreement.[2] *See Wicker v. Bank of Am., N.A.* ("*Wicker I*"), No. EP-14-CV-91-PRM, 2014 U.S. Dist. LEXIS 184476 (W.D. Tex. Aug. 27, 2014); *Wicker v. Bank of Am., N.A.* ("*Wicker II*"), No. EP-15-CV-00015-FM, 2015 WL 632096 (W.D. Tex. Feb. 13, 2015); *Wicker v. Seterus, Inc., et al.* ("*Wicker III*"), No. EP-15-CV-331-KC, 2016 U.S. Dist. LEXIS 59696 (W.D. Tex. May 5, 2016). He has lost or nonsuited each prior case, including the instant case ("*Wicker IV*"), which was dismissed after this Court granted Defendant's Motion for Final Summary Judgment on October 4, 2018. *Wicker I*, No. EP-14-CV-91-PRM, 2014 U.S. Dist. LEXIS 184476; *Wicker II*, No. EP-15-CV-00015-FM, 2015 WL 632096; *Wicker III*, No. EP-15-CV-331-KC, 2016 U.S. Dist. LEXIS 59696; *Wicker IV* Mem. Op. and Order 1, ECF No. 36. This Court entered its Amended Final Judgment on October 26, 2018, dismissing Plaintiff's claims with prejudice and ordering Defendant or its successors to proceed with foreclosure pursuant to the loan agreement and the Texas Property Code. *Wicker IV* Am. Final J. 2–3, ECF No. 41.

---

2 For a more detailed description of the procedural history of this case, see this Court's Memorandum Opinion and Order granting Defendant's Motion for Final Summary Judgment. *Wicker IV* Mem. Op. and Order 2–11, ECF No. 36.

The United States Court of Appeals for the Fifth Circuit affirmed the judgment in *Wicker v. Seterus, Inc.*, and its Mandate was filed in this Court on June 24, 2019. 764 F. App'x 423 (5th Cir. 2019); Mandate Affirming Notice of Appeal 1–2, ECF No. 43. Accordingly, Defendant proceeded to post the property for sale. Mot. 5, ECF No. 44. While the appeal was pending, Nationstar finalized its acquisition of Defendant on February 28, 2019. *See supra* n. 1. Nationstar is a citizen of Texas.[3]

On August 26, 2019, shortly before the scheduled sale, Plaintiff once again filed suit against Defendant in the 327th Judicial District Court of El Paso County, Texas ("the state court"). *Thomas J. Wicker, Jr. v. Nationstar Mortgage, LLC d/b/a Mr. Cooper*, Cause No. 2019-DCV-3213; *see* Pl.'s Original Pet. Ex. 6-A, at 188, ECF No. 45-1. The facts giving rise to the causes of action asserted in the state court arise out of the same nucleus of operative facts of the prior suits. *Compare* Pl's Original Pet. Ex. 6-A, at 189–90, ECF No. 45-1, *with Wicker IV* Mem. Op. and Order 2–11, ECF No. 36 (describing the factual background of *Wicker I-IV*). Plaintiff obtained a Temporary Restraining Order ("TRO") on August 29, 2019, in the state court, preventing Defendant from foreclosing and posting the property for sale. TRO Ex. 6-B, at 194, ECF No. 45-1. The case was removed to this Court on November 25, 2019, making it Plaintiff's fifth case regarding the property to make it to federal court. *See Wicker v. Nationstar Mortgage, LLC d/b/a Mr. Cooper (Wicker V)*, No. 19-cv-00342-DB, ECF No. 1.

The Court agrees with Defendant that *Wicker V* is a clear indication that Plaintiff will continue to litigate, despite this matter being litigated fully and finally multiple times. *See id.*; Mot. 6, ECF No. 44. Defendant's Motion requests that this Court issue an injunction to enjoin Plaintiff from filing additional lawsuits, either in state or federal court, on the same set of

---

3 Neither party cites authority or proof of Nationstar's citizenship, however, Defendant does not contest it, so the Court will assume the accuracy of this statement. *See* Resp. 4, ECF No. 46; *see generally* Mot., ECF No. 45; Reply, ECF No. 47; and Surreply, ECF No. 49.

3

operative facts related to the note and/or the property. Mot. 6, ECF No. 44. The Court will grant Defendant's Motion.

**STANDARD**

Pursuant to the All Writs Act, a Court may employ equitable remedies to prevent the frustration of its orders. 28 U.S.C. § 1651 ("The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.").

With regard to enjoining state-court actions, the broad right to issue "all writs necessary" is tempered by three exceptions under the Anti-Injunction Act, which permits injunctions if (1) the injunction is expressly authorized by Congress, (2) the Court is acting in aid of its jurisdiction, or (3) the Court is acting to protect or effectuate its judgments. 28 U.S.C. § 2283.

The third of these exceptions, which is also known as the "re-litigation" exception, is at issue here. Mot. 6, ECF No. 44. The purpose of the re-litigation exception is to "to prevent state litigation of an issue that previously was presented to and decided by the federal court." *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 147 (1988). In determining whether to apply the re-litigation exception, courts employ a four-part test: (1) parties in the later action must be identical to or in privity with the parties in the previous action; (2) judgment in the prior action must have been rendered by a court of competent jurisdiction; (3) the prior action must have concluded with a final judgment on the merits; and (4) the same claim or cause of action must be involved in both suits. *Moore v. State Farm Fire & Cas. Co.*, 556 F.3d 264, 273 (5th Cir. 2009) (citing *New York Life Ins. Co. v. Gillispie*, 203 F.3d 384, 387 (5th Cir. 2000)).

The test for the re-litigation exception is the same test used to determine collateral

estoppel and *res judicata*. *Vasquez v. Bridgestone/Firestone*, Inc., 325 F.3d 665, 676 (5th Cir. 2003). Notably, Plaintiff's claims in this action were dismissed on *res judicata* grounds. *Wicker IV* Mem. Op. and Order 13, ECF No. 36

## ANALYSIS

Here, *Wicker V* falls within the re-litigation exception of the Anti-Injunction Act. And injunction is the proper remedy.

### 1. Defendant Meets All Four Prongs Under the Re-Litigation Exception.

First, Plaintiff and Defendant[4] are identical parties or parties in privity in both *Wicker IV* and *Wicker V*. *Compare* Pl.'s Original Pet. Ex. 6-A, at 189–90, ECF No. 45-1, *with Wicker IV* Mem. Op. and Order 1, ECF No. 36. Second, this is a court of competent jurisdiction because diversity jurisdiction was not lost when Nationstar acquired Seterus. Plaintiff attempts to argue that subject matter jurisdiction no longer exists because Nationstar, which now owns Seterus, is not diverse from Plaintiff, but it has long been the case that the jurisdiction of the court depends upon the state of things at the time of the action brought. *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428–30 (1991); *see also Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 569–70 (2004).

Third, this Court's Amended Final Judgment was a final decision on the merits ending *Wicker IV* and affirmed by the Fifth Circuit. *Wicker IV* Am. Final J. 2–3, ECF No. 41; *Wicker*, 764 F. App'x at 423. Plaintiff admits as much when it belatedly attempts to void this Court's final judgment under Federal Rule of Civil Procedure 60(b)(3) and argues that the one-year time limit should be equitably tolled because of Defendant's allegedly unethical behavior in failing to notify Plaintiff and the Fifth Circuit of the change in ownership. Resp. 6–7, ECF No. 46. However, Plaintiff was put on notice of the change of ownership when it was

---

4 *See* Certificate of Merger of Seterus and Nationstar. Ex.7-G, at 259–260, ECF No. 45.

5

informed that service changed from Seterus to Nationstar on March 13, 2019. *See* Notice Ex. 7-F, at 248, ECF No. 45-1. Yet, Plaintiff took no effort to file a Rule 60(b)(3) Motion at that time. Instead, Plaintiff allowed the Court of Appeals to rule on his appeal, which it did on April 5, 2019, without taking any action. *See Wicker*, 764 F. App'x 423. Plaintiff failed to act even after the Court of Appeals issued its mandate after affirming this Court's Amended Final Judgment, which was issued on June 20, 2019, and filed in this Court on June 24, 2019. ECF No. 43.

Furthermore, even if Plaintiff was not on notice, Defendant was not required to notify Plaintiff of the change in ownership. Federal Rule of Civil Procedure 25(c) clearly states in relevant part that "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." And specifically, in reference to corporate mergers, Rule 25 does not require the substitution of the successor-by-merger into the suit. *Wilson v. Deutsche Bank Trust Co. Ams.*, No. 3:18-CV-0854-D, 2019 U.S. Dist. LEXIS 193413, *9 (N.D. Tex. Nov. 7, 2019) (*citing FDIC v. SLE, Inc.*,722 F.3d 264, 270 (5th Cir. 2013) (holding that because of "Rule 25's wholly permissive terms," a plaintiff-transferee is "not required under Rule 25(c) and (a)(3) to substitute as a transferee"). With respect to the instant proceedings, Seterus was the servicer[5] at the time of the Court's Amended Final Judgment—the merger occurred later while the action was pending on appeal. As Rule 25 allows an action to remain pending against a party who merges into another company during the litigation, the claims by Plaintiff against Seterus could remain

---

5 In its Motion for Summary Judgment filed in this suit on January 31, 2018, Seterus clearly indicated that its standing to pursue foreclosure was in its role as the servicer for the owner of the subject mortgage loan, Fannie Mae. To quote from the Declaration of Seterus representative Olivia Davis in support of Seterus' Motion for Summary Judgment, "Fannie Mae is the current owner of the Note and beneficiary of the Deed of Trust. Seterus is currently the servicer for Fannie Mae with respect to the Loan." *See* ECF No. 28-1, at 4, ¶ 6. Seterus was thus clear that its standing to foreclose was in its relationship as Fannie Mae's servicer. Ownership of the subject loan has not changed—only the servicer from Seterus to Nationstar.

6

pending against Seterus, and Seterus could properly remain as the complaining party in the foreclosure action. *See id.*

Finally, the fourth prong of the relitigation exception is met because the claims and causes of action presently asserted in the *Wicker V* were already decided in *Wicker IV*. *See Wicker IV* Original Pet. Ex. 5-A, at 2, ECF No. 45-1, and *Wicker V* Original Pet. Ex. 6-C, at 198, ECF No. 45-1. Plaintiff includes a "new" allegation in *Wicker V* that Defendant improperly charged for flood insurance. *Wicker V* Original Pet. Ex. 6-C, at 205, ECF No. 45-1. Plaintiff offers no specific facts or evidence tending to support this allegation that charges were in fact made and if so, were improper. *See generally id.* Regardless, this Court entered an order for foreclosure to proceed pursuant to the Deed of Trust and Texas Property Code, and Plaintiff's belated attempt to avoid this with "new" allegations involving flood insurance charges is improper and any alleged complaint has been waived as untimely—which Plaintiff acknowledges in his Response. *Wicker IV* Am. Final J. 2–3, ECF No. 41; *See* Resp. 6, ECF No. 46 (explaining that Fed. R. Civ. P. 60(b)(3) motion for relief from final judgment should be brought within a year but that they should be entitled to equitable tolling[6]). Thus, with all four prongs of the re-litigation exception met, this Court has the power under the All Writs Act to enjoin Plaintiff from further prosecuting *Wicker V* and from filing any future suits regarding these facts in state and federal court.

2. **Injunction Is Proper.**

An injunction is the proper remedy to effectuate this Court's judgment. The Fifth Circuit has held that an injunction is appropriate where the following four factors are present: (1) success on the merits; (2) a failure to grant the injunction will result in irreparable injury; (3) said injury outweighs any damage that the injunction will cause the opposing party; and (4) the

---

6 *See supra* 5–6 (explaining why equitable tolling is not justified in this case).

injunction will not disserve the public interest. *VRC, LLC v. City of Dallas*, 460 F.3d 607, 611 (5th Cir. 2006).

First, Defendant has already twice had success on the merits on *res judicata* grounds, most recently when this Court held that Plaintiff's claims in *Wicker IV* were precluded based on his prior suits. *Wicker IV* Mem. Op. and Order 13, ECF No. 36. Defendant successfully prosecuted its counterclaim for foreclosure and this court entered an order for foreclosure to proceed. *Id.* As the Fifth Circuit points out, Plaintiff himself admits he breached the loan agreement, and therefore cannot prevail on a breach of contract claim. *Wicker*, 764 F. App'x at 423.

Second, Defendant has suffered and will continue to suffer injury, as it has been forced to expend legal fees defending against Plaintiff's duplicative suits: *Wicker I* to now *Wicker V* (and these, the Court notes, do not include the state court actions). Importantly, Plaintiff is continuously preventing Defendant from selling the property to satisfy the debt Plaintiff owes.

Third, this Court already ordered that sale of the property may proceed, and foreclosure is inevitable. *Wicker IV* Mem. Op. and Order 31, ECF No. 36. Plaintiff cannot show that he will suffer any damage from an injunction, as all future lawsuits on this set of facts will also be precluded by *res judicata*. Fourth, an injunction in fact serves the public interest, as *res judicata* is one of the cornerstones of the legal system, ensuring the finality of judgments, the conservation of judicial resources, and the protection of litigants from multiple lawsuits. *See Procter & Gambel Co. v. Amway Corp.*, 376 F.3d 496, 499 (5th Cir. 2004).

## CONCLUSION

Plaintiff's efforts to avoid foreclosure are hereby enjoined pursuant to this Court's power under the All Writs Act.

Accordingly, **IT IS HEREBY ORDERED** that Defendant/Counter-Plaintiff/ Third-Party Plaintiff Seterus, Inc.'s "Motion to Reopen and Enjoin Further Litigation by Thomas George Wicker, Jr." is **GRANTED.**

**IT IS FURTHER ORDERED** that the above-captioned case is **OPENED** for the purposes of this Order but shall again be **CLOSED** after entry of this Order.

**IT IS FINALLY ORDERED** that Plaintiff/Counter-Defendant Thomas George Wicker, Jr. is **PERMANENTLY ENJOINED** and **PROHIBITED** from filing any lawsuit in any federal or state court against any party based on the facts and circumstances surrounding this action, the property, and/or the loan agreement without first obtaining leave of this Court.

**SIGNED** this 24th day of **February 2020**.

_____
THE HONORABLE DAVID BRIONES
SENIOR UNITED STATES DISTRICT JUDGE

9